Hillsborough,
No. 4381.

### RUTH JOHNSON *v.* EVA F. JOHNSON.

Argued February 1, 1955.

Decided February 25, 1955.

*Guertin & Widener* (*Mr. Guertin orally*), for the plaintiff.

*Charles J. Lincoln* and *Kenneth A. Brighton* (*Mr. Lincoln orally*), for the defendant.

DUNCAN, J. It is established that "as between members of the same family the mere rendition and acceptance of valuable services will not justify the inference of a promise to pay." *Decatur* v. *Cooper,* 85 N. H. 250, 253; *Blake* v. *Lord,* 90 N. H. 42, 44; anno. 7 A. L. R. (2d) 8. An adult child who lives with his parents as a member of the family, enjoying the "mutuality of the benefits rendered and received," is not entitled to recover for labor performed "in the absence of evidence showing a contract in fact." *Page* v. *Page,* 73 N. H. 305, 306, 308. See *Munger* v. *Munger,* 33 N. H. 581.

The defendant, relying upon this principle, asserts that there was no evidence of a contract sufficient to overcome the presumption that the plaintiff's services were gratuitous, but only of "loose talk [which] is hardly regarded as evidence of . . . an agreement" to pay wages. *Hall* v. *Hall,* 44 N. H. 293, 297. She asserts that a statement that "you will be taken care of" is not "an express promise to pay in fact," and requested the Trial Court to so instruct the jury.

The record before us does not disclose evidence of a promise in the quoted language, and for this reason, if for no other, the requested instruction was properly denied. If the evidence that the defendant promised to "reimburse" the plaintiff did not conclusively establish the defendant's expectation to pay for services rendered, it might reasonably be found to so indicate. *Blake* v. *Lord, supra,* 44. The further evidence that she agreed to "pay" the plaintiff at some time after Susan's graduation was evidence upon which the jury could find that the plaintiff's services were in fact rendered in the expectation by both parties that wages were to be paid, and not merely that some remuneration would be made as a token of the defendant's bounty. As already indicated portions of the defendant's testimony tended to confirm the plaintiff's claim. In *Hall* v. *Hall, supra,* evidence of comparable circumstances was held sufficient to present an issue for the jury. Similarly, there was sufficient evidence in the instant case of a promise to pay the plaintiff.

The defendant further argues that a "quantum meruit claim" is not sufficient to overcome the presumption that the plaintiff's services were gratuitous, and that a contract for the payment "of a sum certain" must be shown. It is true that evidence of a "contract in fact" (*Page* v. *Page, supra*) is required. Such evidence was offered. While no inference of a promise to pay could arise

because of the relationship of the parties, if an express promise were found the inference that the amount was to be a reasonable amount was permissible in the absence of any different understanding. The defendant took no exception to instructions to the jury that it could find that there was a promise to pay money "without there being an agreement to pay a definite sum of money"; and that in such a case it should determine the reasonable value of the plaintiff's services. In *Seavey* v. *Seavey*, 37 N. H. 125, 128, 133, an action upon the common counts was submitted to the jury under instructions not essentially different. In *Hall* v. *Hall, supra,* 296, it was said that the contract must be either for wages at a certain rate or for "a just and reasonable compensation." See also, *Decatur* v. *Cooper,* 85 N. H. 250, *supra,* 417 Briefs & Cases 949. The essence of the rule is that there must be evidence of an expectation of payment on the part of both parties. *Bundy* v. *Hyde,* 50 N. H. 116, 123, 124. If this requirement is satisfied, the fact that the amount of compensation is not fixed by the agreement is not fatal. The motions for a nonsuit and a directed verdict were properly denied.

Since the plaintiff did not rely upon an implied promise to pay, but claimed an express promise, there was no occasion to instruct the jury upon "a mere implied promise to pay" in accordance with the defendant's fifteenth request. *Lynch* v. *Sprague,* 95 N. H. 485, 491. The jury was told that the "usual implication" that services are to be paid for did not apply. Other requests to the denial of which the defendant excepted were sufficiently covered by the instructions given. The argument in support of the motion to set aside the verdict has been considered in connection with the motions for a nonsuit and directed verdict. The exceptions are accordingly overruled.

*Judgment on the verdict.*

All concurred.